# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH, | Case No. 1:21-cv-01554-EPG-HC |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE COURT REMEDIES |
| KEN CLARK, | |
| Respondent. | |

Petitioner Lawrence Christopher Smith is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's

1   alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v.</u>

2   <u>Lundy</u>, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by

3   providing the highest state court with a full and fair opportunity to consider each claim before

4   presenting it to the federal court. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>Duncan v.</u>

5   <u>Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971).

6        If Petitioner has not sought relief in the California Supreme Court for the claims that he

7   raises in the petition, the Court cannot proceed to the merits of those claims. 28 U.S.C.

8   § 2254(b)(1). It appears that Petitioner has presented his clams only to the California Court of

9   Appeal and has not presented any claims to the California Supreme Court. (ECF No. 1 at 3).[1]

10   Petitioner states that the "[i]ssues presented were federalized [and] further review before the state

11   courts would be a futile act." (<u>Id.</u>).

12        A petitioner is excused from the exhaustion requirement if "(i) there is an absence of

13   available State corrective process; or (ii) circumstances exist that render such process ineffective

14   to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). "An exception is made only if

15   there is no opportunity to obtain redress in state court or if the corrective process is so clearly

16   deficient as to render futile any effort to obtain relief." <u>Duckworth v. Serrano</u>, 454 U.S. 1, 3

17   (1981). <u>See</u> <u>Hendricks v. Zenon</u>, 993 F.2d 664, 672 (9th Cir. 1993) (recognizing that exhaustion

18   requirement may be excused "in rare cases where exceptional circumstances of peculiar urgency

19   are shown to exist" (quoting <u>Granberry v. Greer</u>, 481 U.S. 129, 134 (1987))). However, a

20   petitioner "may not bypass the state courts simply because he thinks they will be unsympathetic

21   to the claim." <u>Engle v. Isaac</u>, 456 U.S. 107, 130 (1982).[2]

22        It is possible, however, that Petitioner has presented his claims to the California Supreme

23   Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether his

24

25   [1] Page numbers refer to the ECF page numbers stamped at the top of the page.

26   [2] Previously the Ninth Circuit has found that a court may "excuse[]a petitioner's failure to exhaust state remedies 'if the highest state court has recently addressed the issue raised in the petition and resolved it adversely to the petitioner, in the absence of intervening United States Supreme Court decisions on point or any other indication that

27   the state court intends to depart from its prior decisions.'" <u>Alfaro v. Johnson</u>, 862 F.3d 1176, 1180 (9th Cir. 2017) (quoting <u>Sweet v. Cupp</u>, 640 F.2d 233, 236 (9th Cir. 1981)). However, post-<u>Engle</u>, it is unclear whether this futility

28   exception to the exhaustion requirement has continuing viability. <u>Alfaro</u>, 862 F.3d at 1181 (questioning but declining to "rule on the continued viability of the rule from <u>Sweet</u>").

claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner SHALL SHOW CAUSE why the petition should not be dismissed for failure to exhaust state court remedies within **THIRTY (30) days** from the date of service of this order.

Petitioner is forewarned that failure to follow this order may result in dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   __**November 10, 2021**__          __/s/ Erica P. Grosjean__
                                              UNITED STATES MAGISTRATE JUDGE