# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>    Petitioner,<br><br>    v.<br><br>KEN CLARK,<br><br>    Respondent. | Case No. 1:21-cv-01554-AWI-EPG-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY<br><br>(ECF No. 26) |

  Petitioner Lawrence Christopher Smith is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 15, 2022, Petitioner filed the instant motion for discovery. (ECF No. 26.) Respondent filed an opposition, and Petitioner filed a reply. (ECF Nos. 27, 28.)

  Although discovery is available pursuant to Rule 6 of the Rules Governing Section 2254 Cases ("Habeas Rules"), it is only granted at the Court's discretion, and upon a showing of good cause. Bracy v. Gramley, 520 U.S. 899, 904 (1997); McDaniel v. U.S. District Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908–09 (citing Harris v. Nelson, 394 U.S. 287 (1969)). If

1 good cause is shown, the extent and scope of discovery is within the Court's discretion. See
2 Habeas Rule 6(a).

3 In his petition for writ of habeas corpus, Petitioner raises the following claims for relief:
4 (1) the prosecution's failure to provide Petitioner with favorable evidence and discovery; and (2)
5 judicial bias. (ECF No. 1 at 4–7.)[1] These claims were raised in a state habeas petition filed in the
6 California Supreme Court, which summarily denied the petition. (LDs[2] 27, 28.) The Court
7 presumes that the California Supreme Court adjudicated the claims on the merits. See Harrington
8 v. Richter, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and
9 the state court has denied relief it may be presumed that the state court adjudicated the claim on
10 the merits in the absence of any indication or state-law procedural principles to the contrary.").
11 As Petitioner's claims have been "adjudicated on the merits" in state court, "AEDPA's highly
12 deferential standards" apply. Davis v. Ayala, 576 U.S. 257, 269 (2015).

13 "AEDPA . . . restricts the scope of the evidence that we can rely on in the normal course
14 of discharging our responsibilities under § 2254(d)(1)." Murray v. Schriro, 745 F.3d 984, 998
15 (9th Cir. 2014). "AEDPA's 'backward-looking language requires an examination of the state-
16 court decision at the time it was made. It [then logically] follows that the record under review is
17 limited to the record in existence at that same time, *i.e.*, the record before the state court.'" Id.
18 (alteration in original) (quoting Cullen v. Pinholster, 563 U.S. 170, 182 (2011)). Accordingly, at
19 this point in the proceedings, this Court is limited to reviewing the record before the state court.
20 Only if the Court "determine[s], considering only the evidence before the state court, that the
21 adjudication of a claim on the merits resulted in a decision contrary to or involving an
22 unreasonable application of clearly established federal law, or that the state court's decision was
23 based on an unreasonable determination of the facts," may the Court "evaluate the claim de
24 novo, and . . . consider evidence properly presented for the first time in federal court." Hurles v.
25 Ryan, 752 F.3d 768, 778 (9th Cir. 2014).

26 ///

27 ―――――――――――――――――――
28
[1] Page numbers refer to the ECF pagination.
[2] "LD" refers to the documents lodged by Respondent on July 15, 2022. (ECF No. 19.)

Accordingly, IT IS HEREBY ORDERED that the motion for discovery (ECF No. 26) is DENIED. In the event the Court determines that the adjudication of Petitioner's claims resulted in a decision contrary to, or involving an unreasonable application of, clearly established federal law, or based on an unreasonable determination of fact, the Court may revisit the issue of ordering discovery or expanding the record. See Habeas Rules 6, 7.

IT IS SO ORDERED.

Dated: **October 25, 2022**         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

3