# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>Petitioner,<br><br>v.<br><br>KEN CLARK,<br><br>Respondent. | Case No. 1:21-cv-01554-JLT-EPG-HC<br><br>ORDER DENYING PETITIONER'S MOTIONS TO AMEND, MOTION TO WITHDRAW PLEADINGS, MOTIONS TO CONSOLIDATE, AND MOTION FOR CONTEMPT PROCEEDINGS<br><br>(ECF Nos. 30, 36, 38, 39, 40, 43)<br><br>ORDER GRANTING PETITIONER EXTENSION OF TIME TO FILE TRAVERSE |

Petitioner Lawrence Christopher Smith is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court are Petitioner's motions to amend, motion for contempt proceedings, motion to withdraw pleadings, and motions to consolidate. (ECF Nos. 30, 36, 38, 39, 40, 43.)

**I.**

**DISCUSSION**

**A. Motions to Withdraw Pleadings and Consolidate Petitions (ECF Nos. 36, 39, 40)**

In the motion to withdraw pleadings, Petitioner seeks to withdraw his previously submitted motion to amend (ECF No. 30) because "the proper course of action for [Petitioner] to have taken is to have sought to consolidate the current petition(s) [Petitioner has] before the

1

1  Court and . . . then filing a reply to the Respondent's answers in one pleading hence
2  [Petitioner's] actions in seeking to consolidate Case No. 1:21-cv-01346-JLT-EPG (HC) here."
3  (ECF 39 at 2.)[1] In the motions to consolidate petitions, Petitioner seeks to consolidate the instant
4  matter challenging his 2021 Kings County convictions with Smith v. Clark, No. 1:21-cv-01346-
5  JLT-EPG, which challenges Petitioner's 2017 Kern County convictions. (ECF Nos. 36, 40.)[2]

6  "A petitioner who seeks relief from judgments of more than one state court must file a
7  separate petition covering the judgment or judgments of each court." Rule 2(e), Rules Governing
8  Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254.
9  The instant matter seeks relief from a 2021 Kings County Superior Court judgment. In Smith v.
10 Clark, No. 1:21-cv-01346-JLT-EPG, Petitioner seeks relief from a 2017 Kern County Superior
11 Court judgment. (Petition, Smith v. Clark, No. 1:21-cv-01346-JLT-EPG, ECF No. 1.) As
12 Petitioner is seeking relief from judgments of more than one state court, he must file separate
13 petitions. Accordingly, consolidation is not warranted, and the Court will deny the motions to
14 consolidate petitions and the motion to withdraw pleadings.[3]

15 **B. Motions to Amend**

16 A party may amend its pleading once as a matter of course within 21 days after serving it,
17 or "if the pleading is one to which a responsive pleading is required, 21 days after service of a
18 responsive pleading." Fed. R. Civ. P. 15(a)(1). But "[i]n all other cases, a party may amend its
19 pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P.
20 15(a)(2). See Mayle v. Felix, 545 U.S. 644, 655 (2005) (noting Federal Rule of Civil Procedure
21 15 is applicable to habeas proceedings).

22 Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).
23 However, the Court may decline to grant leave to amend "if there is strong evidence of 'undue
24 delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] The Court notes that ECF No. 36 is listed as a motion to amend on the docket, but the document itself is entitled "Petitioners Motion To Consolidate Petitions." (ECF No. 36 at 1.)
[3] In the motion to withdraw pleadings, Petitioner seeks to withdraw his previously submitted motion to amend because "the proper course of action for [Petitioner] to have taken is to have sought to consolidate the current petition(s) [Petitioner has] before the Court[.]" (ECF 39 at 2.) However, given that the motions to consolidate have been denied, the Court will deny the motion to withdraw and address the motion to amend in the interest of justice.

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). "Futility alone can justify a court's refusal to grant leave to amend." Novak v. United States, 795 F.3d 1012, 1020 (9th Cir. 2015) (citing Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995)).

1. ECF No. 30

On November 7, 2022, Petitioner moved to amend the petition and lodged an amended petition. (ECF Nos. 30, 31.) Respondent filed an opposition. (ECF No. 34.) Here, an answer has been filed and Petitioner did not move to amend within 21 days after the responsive pleading was filed. As Respondent has opposed the motion to amend, Petitioner may only amend his petition with the Court's leave.

Petitioner claims that when he drafted the original petition he "was ill from the debilitating effects of anemia . . . which is known to affect cognitive abilities." (ECF No. 30 at 3.) Petitioner's argument appears to be that the original petition is lacking because he drafted it while ill from anemia. Yet after reviewing the petition and the amended petition, this Court does not perceive any significant change in substance between the two petitions. The proposed amended petition appears to reword and reorganize the claims and arguments, but it raises the same claims, arguments, and facts as the original petition. Given that the proposed amended petition is substantively identical to the original petition and Respondent has already filed an answer, the Court finds that leave to amend is not warranted. Any enhancement or supplement to the claims can be included in Petitioner's traverse.

"Pursuant to section 636, magistrate judges may hear and determine nondispositive matters, but not dispositive matters, in § 2254 proceedings." Mitchell v. Valenzuela, 791 F.3d 1166, 1168 (9th Cir. 2015) (citing Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir. 2004)). "To determine whether a motion is dispositive, we have adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." Id. at 1168–69 (internal quotation marks

1  omitted) (quoting Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir. 2015)). "Under [Ninth Circuit]
2  caselaw, to determine whether a magistrate judge's ruling denying a motion is dispositive, we
3  examine whether the denial of the motion effectively disposes of a claim or defense or precludes
4  the ultimate relief sought." Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015) (citing
5  S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013)). Given that denial of
6  leave to amend in the instant proceeding does not "effectively dispose[] of a claim or defense or
7  preclude[] the ultimate relief sought," Bastidas, 791 F.3d at 1164, the undersigned has authority
8  to deny Petitioner's motion for leave to amend.[4]

9      2.  ECF No. 43

10  On April 21, 2023, Petitioner filed another motion to amend. (ECF No. 43.) Respondent
11  filed an opposition, and Petitioner filed a reply. (ECF Nos. 44, 45.) In this motion to amend,
12  Petitioner appears to seek to supplement his petition with challenges to his 2022 convictions in
13  two criminal cases and two disciplinary hearings. (ECF No. 43 at 4.)

14  Here, an answer already has been filed addressing the merits of the original petition. It
15  does not appear that any claims challenging the new 2022 criminal convictions and/or the two
16  disciplinary hearings have been exhausted. Any amended petition adding unexhausted claims
17  would have to be dismissed as a mixed petition. See Bolin v. Baker, 994 F.3d 1154, 1156 (9th
18  Cir. 2021) ("[F]ederal courts may not adjudicate 'mixed petitions' for habeas corpus—that is,
19  petitions that contain both exhausted and unexhausted federal claims." (citing Rose v. Lundy,
20  455 U.S. 509, 510 (1982))). And Petitioner's vague and conclusory assertions do not establish
21  that he falls within one of the statutory exceptions to the exhaustion requirement or that his
22  failure to exhaust available state remedies should be excused. See 28 U.S.C. § 2254(b)(1)(B)
23  (stating that a petitioner is excused from the exhaustion requirement if "(i) there is an absence of
24  available State corrective process; or (ii) circumstances exist that render such process ineffective
25  to protect the rights of the applicant"); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (noting that
26  an "exception [to the exhaustion requirement] is made only if there is no opportunity to

---

[4] A party may file objections to a magistrate judge's order within fourteen days after being served a copy of the order, and a district judge will "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); Local Rule 303.

1 obtain redress in state court or if the corrective process is so clearly deficient as to render futile
2 any effort to obtain relief"); Hendricks v. Zenon, 993 F.2d 664, 672 (9th Cir. 1993) (recognizing
3 that exhaustion requirement may be excused "in rare cases where exceptional circumstances of
4 peculiar urgency are shown to exist" (quoting Granberry v. Greer, 481 U.S. 129, 134 (1987))).

Given that any amended petition adding Petitioner's unexhausted claims would have to be dismissed as a mixed petition, the Court finds that leave to amend is not warranted. This conclusion does not preclude Petitioner from challenging his 2022 criminal convictions and the two disciplinary hearings in separately filed habeas petitions. As denial of leave to amend does not "effectively dispose[] of a claim or defense or preclude[] the ultimate relief sought," Bastidas, 791 F.3d at 1164, the undersigned has authority to deny Petitioner's motion for leave to amend.

**C. Motion for Contempt Proceedings (ECF No. 38)**

"Civil contempt 'consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply.'" United States v. DAS Corp., 18 F.4th 1032, 1039 (9th Cir. 2021) (quoting In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993)). "For issuance of a contempt order against [Respondent] to be proper, [Petitioner] must establish '(1) that [Respondent] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence.'" Lab./Cmty. Strategy Ctr. v. Los Angeles Cnty. Metro. Transp. Auth., 564 F.3d 1115, 1123 (9th Cir. 2009) (quoting In re Dual–Deck Video Cassette Recorder Antitrust Litig., 10 F.3d at 695).

Here, Petitioner appears to argue that Respondent should be held in contempt pursuant to Federal Rule of Civil Procedure 70(e) and compensatory damages should be awarded because Respondent electronically lodged the state court record in this proceeding and did not provide Petitioner with a hard copy. (ECF No. 38 at 3, 5–6.) However, Respondent did not disobey any court order. In the Court's January 27, 2022 order to respond, the Court ordered:

> Respondent SHALL FILE any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. See Rule 5(c), Rules Governing Section 2254 Cases.

> **The transcripts or other documents shall only be filed electronically and, to the extent practicable, provided in Optical Character Recognition ("OCR") format. Respondent shall not file a hard copy of the transcripts or other documents unless so ordered by this Court.**

(ECF No. 8 at 2 (emphasis in original).) The Court ordered Respondent to only file the state court record electronically and did not order Respondent to provide Petitioner with a hard copy of the state court record. As Petitioner has not established by clear and convincing evidence that Respondent violated a court order, the Court finds that issuance of a contempt order is not warranted.

## II.
## ORDER

Accordingly, the Court HEREBY ORDERS that:

1. The motions to consolidate (ECF Nos. 36, 40) are DENIED;
2. The motion to withdraw pleadings (ECF No. 39) is DENIED;
3. The motions to amend (ECF Nos. 30, 43) are DENIED;
4. The motion for contempt proceedings (ECF No. 38) is DENIED; and
5. Within **THIRTY (30) days** from the date of service of this order Petitioner may file a traverse.

IT IS SO ORDERED.

Dated:   **May 25, 2023**             /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

6