# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>  Petitioner,<br><br>  v.<br><br>KEN CLARK,<br><br>  Respondent. | Case No.: 1:21-cv-01554 JLT EPG<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS, DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 55) |

Lawrence Christopher Smith is a state prisoner proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising two grounds for relief: (1) denial of favorable evidence, in violation of his due process rights. and (2) judicial bias.  (Doc. 1.)  The assigned magistrate judge found that "the state court's rejection of Petitioner's due process claim was not contrary to, or an unreasonable application of, clearly established federal law."  (Doc. 55 at 10; *id.* at 5-10.)  In addition, the magistrate judge determined Petitioner was not entitled to habeas claim on his second claim, including exhausted and unexhausted grounds.  (*Id.* at 11-19.)  Therefore, the magistrate judge recommended the petition for writ of habeas corpus be denied.  (*Id*. at 19.)

The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 30 days.  (Doc. 55 at 20.) The Court advised him that the "failure to file objections within the specified time may waive the right to appeal the District Court's order."  (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014), *Baxter v. Sullivan*, 923 F.2d 1391,

1

1394 (9th Cir. 1991).) Petitioner moved for a stay while his petition for writ of mandamus was pending before the Supreme Court. (Doc. 56.) On January 29, 2024—after the Supreme Court denied the petition—the magistrate judge denied the motion to stay as moot and directed Petitioner to file any objections within thirty days from the date of service. (Doc. 57 at 2.) Petitioner did not file any objections, and the time do so expired.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal, rather an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his … part." *Miller-El*, 537 U.S. at 338.

The Court finds that reasonable jurists would not find the determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner did not make the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability. Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on November 27, 2023 (Doc. 55) are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.
3. The Court declines to issue a certificate of appealability.

///

///

4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: __March 25, 2024__

_/s/ Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE